In the Matter of TITLE GUARANTEE AND TRUST COMPANY, Petitioner.

DEVONS ASSOCIATES, INC., Respondent.

Supreme Court, Special Term, Bronx County, June 21, 1943.

*John C. O'Malley* and *C. Elmer Spedick* for petitioner.

*Emanuel Schonzeit* for respondent.

HOFSTADTER, J. Petitioner seeks an order referring this proceeding to an Official Referee of this court to inquire, ascertain and determine, in accordance with the provisions of section 1077-c of the Civil Practice Act, and to report, with his opinion, the amount of surplus income arising from the operation of the mortgaged premises No. 1475-9 Jessup Avenue, Bronx, New York City, for the calendar year 1942, covered by this proceeding, and that upon the coming in of his report the parties hereto may apply to this court in this proceeding for such further relief as they may be advised.

The respondent, Devons Associates, Inc., is the last record owner of the mortgaged premises, acquiring title thereto on November 1, 1942. On April 1, 1943, the petitioner herein applied for an order directing the respondent to pay to petitioner the surplus income produced by the premises, and also asked that respondent produce and make available for inspection by petitioner and by the court all records and data available as to income from and expense of operation of said premises for the calendar year 1942. In opposition to this application, the respondent stated that it acquired title to the premises on November 1, 1942, and offered to produce its books and records showing the operation of said premises for the months of November and December, 1942, but argued that it could not produce the books and records showing the operation of said premises for the period January 1, 1942, to October 31, 1942, for the reason that it had no control of the books and records of the Foxvale Realty Company, which was the owner of said property during the last-mentioned period and the corporation from which it acquired title. Thereafter, by order dated April 8, 1943, Mr. Justice STEUER, who heard that application, granted it to the extent that respondent was required to produce its books and records in regard to the property for the months of November and December, 1942, and any books, records, or other written data received from the previous owner or from any other sources. Respondent has complied with this order. Thereafter,

the present application for a reference was brought on by the petitioner.

The papers do not disclose that the respondent has withheld any data under its control covering either the period of its ownership of the mortgaged premises or the balance of the one-year period prior thereto. The petitioner could have availed itself of the remedies provided by section 1077-c of the Civil Practice Act against the prior owner during the period of such prior ownership. This it has not done. Upon the transfer of title in the premises to the present owner, the remedies against the prior owner lapsed. It seems that the purpose of the present application is to make it possible for the petitioner to obtain books and records of the prior owner. Such right is not conferred by any provision of the Civil Practice Act. In fact, the only penalty for failure to pay the surplus income, or to produce the books, by an owner is the right to foreclose. Such right, obviously, cannot be exercised against the prior owner, nor can the prior owner be compelled to produce his books under section 1077-c, since no money judgment can be entered against such owner. It follows, therefore, that there is no right either to subpœna, or to an examination of, the prior owner. (See *Matter of Chase Nat. Bank* v. *Guardian Realties, Inc.*, 283 N. Y. 350.)

It has already been observed that the order of Mr. Justice STEUER determined what books and records were to be examined. With that order the respondent has fully complied. There is no basis for the relief which is now sought to be obtained against the respondent, simply because petitioner is in no position to proceed against the former owner. In the case of *Matter of Chase Nat. Bank* v. *Guardian Realties, Inc.* (*supra*), a motion was made for surplus money under section 1077-c against a prior owner and the new owner. The motion was granted with respect to the former, but denied with respect to the latter. Accordingly, the motion is in all respects denied.